# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| RICHARD CHARLES GRAY, Reg. No. 22708-380, Movant, | § § § § § § § § § § | EP-18-CV-93-PRM EP-13-CR-1832-PRM-4 |
| v. | | |
| UNITED STATES OF AMERICA, Respondent. | | |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

On this day, the Court considered Movant Richard Charles Gray's [hereinafter "Movant"] pro se "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59" (ECF No. 819) [hereinafter "Rule 59 Motion"], filed on August 30, 2019, in the above-captioned cause. Therein, Movant asks the Court to reconsider the Final Judgment denying his Motion to Vacate pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Rule 59 Motion. The Court will additionally deny Movant a certificate of appealability.

I.     FACTUAL AND PROCEDURAL BACKGROUND

A jury found Movant guilty of sex trafficking by force, fraud or coercion (Count Four); sex trafficking children (Count Six); conspiracy

to sex traffic persons (Count Nine); and transporting for prostitution (Count Eleven). Verdict, Jan. 16, 2015, ECF No. 531. The Court sentenced Movant to concurrent terms of life in prison for Counts Four, Six, and Nine, and 120 months in prison for Count Eleven. J. Crim. Case, June 30, 2015, ECF No. 628. The Fifth Circuit Court of Appeals affirmed these convictions and sentences. *United States v. Lockhart*, 844 F.3d 501, 517 (5th Cir. 2016).

Movant challenged his sentences in a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [hereinafter "§ 2255 Motion"]. Mot. to Vacate, Mar. 26, 2018, ECF No. 735. Specifically, Movant asserted that his counsel provided constitutionally ineffective assistance when he failed to: (1) properly advise Movant of his sentencing exposure, resulting in Movant rejecting the prosecutor's plea offer of twenty-five years' imprisonment; (2) inform Movant that he could plead guilty and receive a three-level downward adjustment to his sentence; (3) advise Movant that he could request a bench trial; (4) object to the jury charge on count six of the Second Superseding Indictment, which constructively amended the Indictment; (5) request Movant's Facebook evidence, which would have

2

rebutted the testimony against him; (6) object to the selection of a jury without any African-American members; (7) advise Movant that the ultimate decision to testify was his; (8) secure evidence to impeach a witness; (9) move for a mistrial after the prosecution constructively amended count six of the "Second Superseding Indictment" (ECF No. 730), filed on January 15, 2014; (10) secure an expert on the credibility of a witness; (11) object to the use-of-force-sentencing enhancement; (12) obtain a mental expert who would have testified that Movant returned from the war in Iraq with Posttraumatic Stress Disorder; and (13) ask the Court to consider Movant's age and object to the excessive sentence. *Id.* at 4–8. Movant asked the Court to vacate his sentence and allow him the following relief: (1) accept the plea offer, (2) plead guilty to the Second Superseding Indictment, (3) receive a new trial, and/or (4) have a new sentencing hearing. *Id.* at 12.

The Court denied Movant's § 2255 Motion on the merits and dismissed his civil cause with prejudice. *Gray v. United States*, No. EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *17 (W.D. Tex. July 23, 2019).

Movant makes five additional claims in his Rule 59 Motion. First, he contends that his trial and appellate counsel provided ineffective assistance when they failed to fully research and investigate his case. Rule 59 Mot. 1–7. Second, he claims that his trial and appellate counsel erred when they failed to assert that Counts Four and Six were multiplicitous and that the life sentences for each Count were in violation of the Double Jeopardy Clause. *Id.* at 7–11. Third, he argues that the Court erred when it improperly collected Counts Four, Six, Nine, and Eleven together into a single group for sentencing purposes. *Id.* 11–13. Fourth, he avers that his counsel made no attempt to argue that he was not involved in a jointly undertaken activity. *Id.* at 13. Finally, he claims that his counsel made no effort to present mitigating evidence. *Id.* at 14–15. Movant asks the Court to grant his § 2255 Motion and vacate his life sentences. *Id.* at 15.

## II. APPLICABLE LAW

Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians*

*Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  Thus, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

The Rules Governing Section 2255 Proceedings for the United States District Courts permit the application of the Federal Rules of Civil Procedure in collateral proceedings pursuant to § 2255, but only "to the extent that they are not inconsistent with any statutory provisions" or the § 2255 Rules.  Rule 12, 28 U.S.C. foll. § 2255.  According to the statutory provisions, a defendant is "generally permitted only one motion under § 2255."  *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *see also* 28 U.S.C. § 2255(h).  Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify that it (1) contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

5

movant guilty of the offense; or (2) [identifies] a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

As a result, a district court lacks subject matter jurisdiction to consider a second or successive motion unless the appellate court—which in this case is the Fifth Circuit Court of Appeals—first grants the movant permission to file the successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003) ("[T]he district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

"While the Supreme Court has not yet examined when a Rule 59(e) motion should be treated as a successive § 2255 motion, it has explained that a motion filed pursuant to Federal Rule of Civil Procedure 60(b) is typically considered a successive § 2254 application if it raises new claims or 'attacks the federal court's previous resolution of a claim on the merits.'" *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005).

When a Rule 60(b) motion does not challenge the district court's prior resolution of claims on the merits, however, but instead attacks "some defect in the integrity of the federal habeas proceedings," the motion is not the equivalent of a successive habeas application. *Gonzalez*, 545 U.S. at 532. Instances of procedural rulings habeas petitioners can challenge through a Rule 60(b) motion include "'rulings based on failure to exhaust, procedural default, or a statute-of-limitations bar.'" *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019) (quoting *Gonzalez*, 545 U.S. at 532 n.4.). In other words, a petitioner may not prevail on a Rule 60(b) motion which (1) presents a new habeas claim, (2) attacks the federal court's previous resolution of a claim on

7

the merits, or (3) presents new evidence or new law in support of a claim already litigated. *Gonzalez,* 545 U.S. at 531–32. But a petitioner may prevail on a Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

### III. ANALYSIS

Movant asks the Court to alter or amend the Final Judgment on his § 2255 Motion pursuant to Federal Rule of Civil Procedure 59(e). Consequently, the Court "must decide whether [his] motion [is] a bona fide Rule 59 motion or a successive habeas application." *United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2705 (2019).

Notably, Movant does not assert that a previous ruling somehow precluded a merits determination on his § 2255 Motion. He does not attack the Court's adjudication of his claims on their merits. Indeed, he only presents new claims which he could have raised in his original § 2255 Motion. Furthermore, Movant asserts that these new claims do not present evidence of (1) an intervening change in controlling law,

(2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller*, 342 F.3d at 567. Hence, his Motion is not a bona fide Rule 59(e) motion. *Brown*, 547 F. App'x at 641.

Instead, his Rule 59 Motion is a second or successive § 2255 motion. And because Movant presents no evidence that he sought and obtained the appropriate certification to proceed from the Fifth Circuit Court of Appeals prior to filing his Rule 59 Motion—or that since filing his motion he obtained the necessary certification—the Court concludes it is without jurisdiction to entertain his new claims. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion.") (citing 28 U.S.C. §§ 2244 (b)(3)(A), 2255.).

## IV. CERTIFICATE OF APPEALABILITY

A § 2255 movant must obtain a certificate of appealability before appealing the denial of a Rule 59(e) motion. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting appeals of causes initiated

pursuant to either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability); c*f. Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (requiring a certificate of appealability to appeal the denial of a Rule 60(b) motion). A movant may obtain "[a] certificate of appealability . . . only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotations and citations omitted). "This is a jurisdictional prerequisite." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

Movant has not made a substantial showing of the denial of a constitutional right. Further, reasonable jurists could not debate whether the Court should have resolved Movant's § 2255 or Rule 59(e) motions in a different manner—or whether his issues deserve encouragement to proceed further. *Miller–El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). As a consequence, the Court will not issue a

certificate of appealability. *See* Rule 11(a), 28 U.S.C. foll. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## V. CONCLUSION

For the reasons discussed above, the Court concludes Movant is not entitled to relief pursuant to Rule 59(e).

Accordingly, **IT IS ORDERED** that Movant Richard Charles Gray's pro se "Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59" (ECF No. 819) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant Richard Charles Gray is **DENIED** a certificate of appealability.

**SIGNED** this **24th day** of **March, 2020**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**